IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

AMANDA J MATHIS,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, the Plaintiff, AMANDA MATHIS ("Mathis" or "Plaintiff") by and through her undersigned counsel hereby files this complaint against HOME DEPOT U.S.A., Inc. ("Home Depot" or "Defendant"), and as grounds therefore states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff MATHIS brings this claim for violation of the Family and Medical Leave Act of 1993 ["FMLA"], 29 U.S.C. § 2601, *et seq*.

2. Jurisdiction is proper in this forum insofar as the matter involves a federal question, namely a violation of 29 U.S.C. § 2601, et seq. Jurisdiction is conferred by Title 28, U.S.C. § 1331 and 29 U.S.C. § 2601, et seq.

3. Venue is proper in this Court because Plaintiff's claims arose in Florida, specifically in Palm Beach County, and all the acts complained of occurred in this judicial district and gave rise to the claims alleged.

4. At all times relevant to this Complaint, Plaintiff was a resident of Palm Beach County, Florida and is otherwise sui juris.

5. Jurisdiction is based on 29 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is proper because Defendant Home Depot is located in Palm Beach County and the substantial part, if not all, of the events giving rise to this cause of action occurred in Palm Beach County, Florida. 28 U.S.C. § 89.

7. At all times material hereto, Plaintiff was an employee as that term is defined under the FMLA.

8. At all times material hereto, Defendant, Home Depot is an employer of the Plaintiff as that term is defined under the FMLA.

## COMMON ALLEGATIONS

9. Plaintiff was employed with Defendant from on or about January 17, 2022, up to and including her separation on April 7, 2023.

10. Plaintiff's position was that of Design Consultant and In Homes Salesperson.

11. On or about February 2023, Plaintiff was approved for intermittent FMLA leave in order to care for her seriously ill mother.

12. Plaintiff's mother is suffering from kidney failure, end stage renal failure and congestive heart failure and requires weekly (5 days per week) dialysis and monthly visits to the hospital for testing and multiple doctors' consultations each month with her specialist. She required two to three days FMLA leave per month to accompany her mother to the hospital appointments.

13. Plaintiff worked with her manager Sara Owen on dates she would require FMLA each month. At least two weeks' notice was provided for each appointment, and she shared her mother's hospital notes as evidence in support of her attendance at work on those days.

14. In February 2023, when Plaintiff was first approved for intermittent FMLA leave, her manager Sara Owen expressed concern about how the arrangement would work. She stated that she had only ever worked with employees who take the full twelve-week entitlement at once rather than leave being broken up. She expressed concern over this "as you need it" approach and how that would work with her sale requirements and goals.

15. The sales team receives monthly sales targets and the team managers' compensation is linked directly to the team members' sales performance. Sara Owen openly raised concerns about Plaintiff's leave and the impact on the team's sales numbers. Ms. Owen also said she would "have to look into the way to structure this with Human Resources".

16. Plaintiff "made up" her time taken on FMLA leave by working twelve-hour days and on occasion Sunday, to keep her sales numbers up. She wanted to ensure that the team's sales numbers were not affected by her absences. On April 6, 2023, Plaintiff received a sales award for her past efforts.

17. On April 7, Plaintiff was terminated without notice. Plaintiff contends that the reason for her termination was retaliation for her use of intermittent FMLA leave.

18. The stated reason for the termination is pretextual. Home Depot claims she was terminated as result of a discount provided to a customer in February 2023. However the incident was over two months before her termination and Plaintiff was merely following the directive of her supervisor.

19. In or around February 2023, Plaintiff had a consultation with a client who she had worked with before on a different project. Before finalizing the sale, the client asked Plaintiff if the company would offer a discount, as they had done last time. Plaintiff indicated to the customer that each Thursday they launch new promotions, offered him to wait for the next

20. week to see if a discount was forthcoming. The customer wrote an email to corporate on unfair pricing where different regions were offering discounts / promotion and to wit this email was forwarded to the regional Manager Mike Odell and to Sara Owen, where the email stated, "please take care of this customer." She inquired to her supervisor Sara Owen and was told to do what she needed to close the sale and "offer the discount." As per the supervisor's instruction, Plaintiff offered the same discount, 15%, as the customer received last time. At the time of the sale, nothing further was said.

20. Only after Plaintiff stated her need for future FMLA leave and after Ms. Owens expressed concern about her absences and the effect on the team's sales, did the amount of the discount become an issue. The matter of the discount was raised by Ms. Owens *for the first time* just days before termination. Incredulously, Ms. Owens now claims that Plaintiff did not have her authority to offer the discount and that this misunderstanding was grounds for termination. Plaintiff maintains that the amount of the discount had not been raised by any colleagues prior to her termination and in fact she received a sales award in April 2023 the day before she was terminated. What *was* discussed was Plaintiff's future need for FMLA.

21. Plaintiff apologized if she misunderstood the amount she was supposed to offer to the client and explained her view in what seemed to be a misunderstanding. The company would not reconsider her termination.

22. Plaintiff's sudden termination was the result of her FMLA leave.

23. Plaintiff contends that other similarly situated employees have not been terminated for discount related issued.

**FMLA REQUIREMENTS**

24. Defendant is covered as an employer under the FMLA as defined by 29 U.S.C. §2611(4).

25. At all times relevant, Defendant was the employer of Plaintiff within the meaning of the FMLA.

26. Plaintiff worked for Defendant for at least twelve (12) months as a full-time employee.

27. Plaintiff worked at least 1,250 hours during the course of the last twelve (12) months of her employment for Defendant.

28. Plaintiff was entitled to family medical leave, not to exceed a total of twelve (12) work weeks in a twelve (12) month period of time.

29. Plaintiff is an eligible employee as defined in 29 U.S.C. §2611(2) and 29 C.F.R. §825.110(c) and was eligible for FMLA leave.

30. At all material times hereto, Plaintiff qualified for FMLA in order to care for her mother.

31. That all or some of Plaintiff's leave was FMLA qualifying leave, and Plaintiff was entitled to the protections of FMLA.

32. Plaintiff fulfilled all conditions precedent in bringing this action.

### COUNT I – INTERFERENCE WITH RIGHTS IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. 2601, et seq.

Plaintiff adopts the allegations contained in paragraphs 1 – 32 above.

33. Plaintiff was entitled to family medical leave, not to exceed a total of twelve (12) work weeks in a twelve (12) month period of time.

34. Plaintiff was entitled to her benefits during her FMLA leave.

35. Defendant interfered with Plaintiff's rights as follows:

    a. by terminating Plaintiff while she requested leave that was protected by the FMLA;

    b. Plaintiff suffered lost wages and benefits from being discharged,

    c. Plaintiff was denied health benefits, including health insurance benefits, during a medical crisis and attendant recovery.

36. Defendant interference with Plaintiff's rights under the FMLA resulted in harm and damages.

37. Defendant's above-described adverse actions taken again Plaintiff violate subsection (a) of section 2615 of the FMLA.

38. Defendant's aforementioned conduct violates the FMLA.

39. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm and damages.

40. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

41. Plaintiff seeks damages from Defendant's conduct including wages, salary, employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the Act, interest of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the Act, an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute, such equitable relief as may be appropriate, including reemployment, reinstatement, and promotion, reasonable attorney's fees, reasonable expert fees and other such costs in this action and other such relief as this Court deems just and appropriate under the circumstances.

42. As a further and direct proximate result of Defendant's violation of the FMLA, as heretofore described, Plaintiff has been compelled to retain the services of the undersigned

law firm.

43. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff requests that her reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendant as follows: that Plaintiff be awarded damages including wages, salary, employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the Act, interest of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the Act, an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute, such equitable relief as may be appropriate, including reemployment, reinstatement, and promotion, reasonable attorney's fees, reasonable expert fees and other such costs in this action and other such relief as this Court deems just and appropriate under the circumstances.

### COUNT II – FAMILY AND MEDICAL LEAVE ACT (RETALIATION)

Plaintiff adopts the allegations contained in paragraphs 1 – 32 above.

44. Plaintiff is an employee and a person subject to protection pursuant to the provisions of the FMLA, as defined within the Family and Medical Leave Act.

45. Plaintiff suffered from a serious medical condition which qualified her for leave time and benefits under the FMLA.

46. Defendant is a covered employer under the FMLA.

47. Plaintiff engaged in statutorily protected activity when:

    a. She sought to take FMLA protected leave

48. Plaintiff was retaliated against for taking protected FMLA leave.

49. Defendant retaliated against Plaintiff's employment by terminating Plaintiff's employment.

50. Defendant's adverse actions toward Plaintiff were causally related to her protected activity and as such were retaliatory.

51. Defendant's stated reason was pretextual, false or otherwise unworthy of credence.

52. Plaintiff suffered damages as a result of Defendant's retaliation.

53. Defendant discriminated against Plaintiff.

54. Defendant's adverse actions taken against Plaintiff violates subsection (a) of section 2615 of the FMLA.

55. Defendant's aforementioned conduct violates the FMLA.

56. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm and damages.

57. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

58. As a further and direct proximate result of Defendant's violation of the FMLA, as heretofore described, Plaintiff has been compelled to retain the services of the undersigned law firm.

59. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff requests that her reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617.

60. Plaintiff engaged in statutorily protected activity when she made a request for qualified

leave under the FMLA.

61. Plaintiff engaged in statutorily protected activity when she sought leave for a qualifying serious medical condition.

62. Plaintiff was retaliated against for requesting protected FMLA leave.

63. Defendant terminated Plaintiff's employment following her request for protected FMLA leave.

64. Defendant's violation was willful.

65. As a proximate result of Defendant's interference with the laws, rights under the FMLA, Plaintiff lost wages, lost other compensation, lost benefits, and lost her job.

WHEREFORE, Plaintiff prays that judgment be entered in her favor for: Wages, employment benefits, and other compensation lost, and actual monetary losses sustained by her as a result of Defendant's interfering, restraining or denying the exercise of Plaintiff's rights, including back pay and front pay; Prejudgment interest at the prevailing rate from the date she was terminated, to the Judgment on the award of wages, employment benefits and compensation, and actual monetary losses sustained by her as a result of Defendant's violation of the Family Medical Leave Act of 1993; Liquidated damages doubling the award of interest, wages, employment benefits and other compensation lost to her as a result of Defendant's violation of the Family Medical Leave Act of 1993; Reasonable attorney's fees and costs and expenses of this action pursuant to 29 U.S.C. §2617(a)(3); and such other relief as this court deems just and appropriate under the circumstances including reinstatement to a substantially equivalent position with Defendant.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 7th day of November 2023.

                                SCOTT LAW TEAM, LLC
                                Jupiter Gardens
                                250 South Central Boulevard
                                Suite 104-A
                                Jupiter, FL 33458
                                Telephone: (561) 653-0008
                                Facsimile: (561) 653-0020

                                s/Cathleen Scott
                                Cathleen Scott, Esq.
                                Florida Bar Number 135331
                                Primary e-mail: CScott@scottlawteam.com
                                Secondary e-mail: mail@scottlawteam.com
                                www.ScottLawTeam.com